IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARK ARTHUR HENRIKSEN;
DANIEL AARON BRADY;
WILLAMETTE COMMUNITY BANK;
OREGON DEPARTMENT OF
REVENUE; and BENTON COUNTY
FINANCE AND TAX OFFICE,

    Defendants.

Civil No. 6:16-cv-01944-JR

ORDER OF SALE

On June 6, 2017, the Court entered judgment by default against

Mark Arthur Henriksen for unpaid tax liabilities and foreclosing federal

tax liens against certain real property owned by Henriksen (the

1 - ORDER OF SALE

"Property"). Henriksen acquired legal title by a Quitclaim Deed dated May 20, 2011, recorded in Benton County as Recording No. 2011-48733. The Property, consisting of 40.05 acres, is known as and located at 286432-286462 Robison Road, Monmouth, Oregon 97361, Benton County Assessors Number 272652, and is more particularly described in the Quitclaim Deed as follows:

> Beginning at a point which is North 18°49'20" East 1179.83 feet from the Northeast corner of the Wristman Donation Land Claim No. 50 in Section 12, Township 10 South and Range 5, West of the Willamette Meridian in Benton County, Oregon, said point also being on the West line of the John Wiley Donation Land Claim No. 42 in said Township and Range; and running thence North 18°49'20" East along said West line a distance of 2277.13 feet to the Southerly right-of-way of County Road No. 04394; thence Northwesterly along a 580.00 foot radius curve left (the long chord of which bears North 75°14'50" West 298.00 feet) a distance of 301.38 feet; thence South 89°52'00" West along said right-of-way, 1049.21 feet; thence South 00°08'00" East 135.84 feet; thence North 89°52'00" East 134.00 feet; thence South 04°16'20" East 2134.96 feet; thence North 83°24'15" East 311.36 feet to the place of beginning.

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court enters this Order of Sale.

IT IS HEREBY ORDERED as follows:

1.     The United States Marshal for the District of Oregon ("Marshal"), or an Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist (the "PALS") (hereinafter, reference to the Marshal or the PALS shall also refer to his or her agents, officers, and representatives), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United

States may choose either the Marshal or the PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

2.      The Marshal or the PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed to the Property is delivered to the ultimate purchaser.

3.      The terms and conditions of the sale are as follows:

a. The sale of the Property shall be free and clear of the interests of all parties in the suit.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any.

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

d. The date and time for sale are to be announced by the Marshal or the PALS.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Benton County, Oregon, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a

description of the Property and shall contain the terms and conditions of sale in this Order of Sale.

f. The minimum bid will be set by the IRS. If the minimum bid is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid, or sell to the highest bidder.

g. The successful bidder(s) shall be required to deposit at the time of the sale with the Marshal or the PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the Clerk of the United States District Court for the District of Oregon. Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Order of Sale. The United States may bid as a credit against its judgment without tender of cash.

h. The balance of the purchase price for the Property is to be paid to the Marshal or the PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Oregon. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Defendant Mark

A. Henriksen at issue herein, and the Property shall be again offered for sale under the terms and conditions of this Order of Sale (or, at the option of the Marshal or the PALS, the Property shall be offered to the second highest bidder at the sale).

i. The sale of the Property shall be subject to confirmation by this Court. The Marshal or the PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and a proposed deed, within thirty days after the date of receipt of the balance of the purchase price.

j. On confirmation of the sale, the Marshal or the PALS shall execute and deliver a deed conveying the Property to the purchaser.

k. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

l. On confirmation of the sale, the recording official of Benton County, Oregon shall cause transfer of the Property to be reflected upon that county's register of title.

m. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the Property is sold, defendant Henriksen shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. He shall neither commit waste against the Property nor cause or

permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5.     All persons occupying the Property, including Mr. Henriksen, shall vacate the Property permanently within 30 days of the date of this Order, taking with them all personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the Marshal or the PALS is authorized to take whatever action deemed appropriate to remove such person from the premises. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the Marshal or the PALS is authorized to remove it and dispose of it in any manner deemed appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

6.     The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

a. To the Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, including any expenses of maintaining the Property prior to sale and confirmation by the Court.

b. To all taxes and other assessments unpaid and matured that are owed to Benton County constituting a lien on the Property.

c. To Willamette Community Bank, for the amount due on the promissory note secured by the Bank's deed of trust on the Property, consistent with the stipulation with the United States herein.

d. To the United States of America, without reduction for any registry fees, for application to the unpaid federal tax assessments made against defendant Mark Arthur Henriksen for federal income taxes for the years 2001-2004, 2006-2008, and 2010-2012, including all accrued statutory penalties, additions, and interest, until the proceeds are exhausted or the liabilities are fully paid.

e. Any remaining sale proceeds shall be held in the Court's registry pending further order from the Court.

DATED this 6th day of June, 2017.

_____
Michael J. McShane
United States District Judge